IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Aracelis Ruffolo and, )<br>Dominique Bonseigneur, on behalf of )<br>themselves and all other )<br>plaintiffs similarly )<br>situated, )<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>TLG Family Management, LLC, )<br>        Defendant. ) | Case No.: 1:20-cv-2188 |

## COMPLAINT

NOW COME Plaintiffs Aracelis Ruffolo ("Ruffolo") and Dominique Bonseigneur ("Bonseigneur") on behalf of themselves and all other plaintiffs similarly situated, by and through their attorneys, and for their Class Action Complaint against TLG Family Management, LLC ("TLG"), state as follows:

### Parties

1. Plaintiffs are citizens of Illinois who were employed by TLG. Plaintiffs both worked for a company, The LaSalle Group, Inc. which is managed by TLG. Plaintiffs worked at Defendant's location in South Barrington, Illinois and to a lesser extent at its St. Charles, Illinois location.

2. Defendant TLG Family Management, LLC is a Texas limited liability company which manages The LaSalle Group, Inc. ("LaSalle") which in turns owns several assisted living facilities throughout the United States. LaSalle owns several locations in this Judicial District including in Arlington Heights, Bolingbrook, Crystal Lake, Glen Ellyn, Gurnee, Orland Park,

Oswego, South Barrington, St. Charles and Vernon Hills, Illinois. LaSalle pays TLG a monthly management fee for providing management and administrative services to LaSalle.

### Jurisdiction and Venue

3. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

4. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

### Factual Allegations

5. Plaintiff Ruffolo began employment with the Defendant in May 2017. At all times relevant hereto, Defendant TLG was Plaintiff Ruffolo's "employer" as that term is defined in each of the wage claims at issue in this case.

6. Plaintiff Bonseigneur began employment with the Defendant on approximately September 7, 2015. At all times relevant hereto, Defendant TLG was Plaintiff Bonseigneur's "employer" as that term is defined in each of the wage claims at issue in this case.

**Time Shaving**

7. Defendant TLG utilizes an electronic time clock system to record the hours that hourly employees would work.

8. Defendant TLG has a policy of deducting 30 minutes from the hourly employees' time for a lunch. Often, the hourly employees were not allowed to take a lunch because they were busy tending to patients or otherwise working.

9. On numerous occasions, Defendant TLG would adjust the clock-in and clock-out times for the purpose of paying the hourly employees less. In other words, the Defendant would "shave" time off of the hours to pay Plaintiffs and other similarly situated hourly employees less

money. Defendant TLG has in its possession those records that would show the actual hours that the workers were punched in and also has in its possession the actual hours for which the Plaintiffs were paid.

10. As a result of the lunch and other time deductions, Plaintiffs and other similarly situated hourly employees were working in excess of 40 hours in a single work week and not being paid for that time and were not paid one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

11. Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) and as a class action pursuant to FRCP 23 on behalf of Plaintiffs and all other hourly employees who worked uncredited and uncompensated hours.

12. Plaintiffs and other similarly situated current and former employees in the asserted class regularly were not paid for all hours actually worked.

13. At all times material to this Complaint, Defendant TLG failed to comply with the FLSA and IMWL in that Plaintiffs and those similarly situated to them performed services for Defendant TLG for which no provision was made by Defendant TLG to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

14. Defendant TLG has encouraged, permitted, and required the Class to work without properly paying them for all hours worked.

15. There are other current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action and a class action are superior procedures for adjudicating such claims. Plaintiffs request that the Court authorize and supervise

notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

16. The records, if any, should be in the custody or control of Defendant TLG concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

17. Plaintiffs will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective.

**COUNT I - FAIR LABOR STANDARDS ACT**
(Plaintiffs Individually and on Behalf of All Similarly Situated Employees
Pursuant to 29 U.S.C. §216 against Defendant TLG)

18. The Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 as if fully set forth herein..

19. At all relevant times, Defendants employed and/or continued to employ Plaintiffs and each member of the proposed classes of hourly employees within the meaning of the FLSA.

20. By engaging in Time Shaving, the Defendant TLG did not pay all of the hours that the hourly employees worked in excess of 40 in a work week and failed to pay the applicable minimum and/or overtime wages.

WHEREFORE, the Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A. Compensation in the amount of the owed minimum wages for all time worked by Plaintiffs;

B.      An additional amount equal as liquidated damages;

C.      Prejudgment interest;

D.      Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E.      Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
(Plaintiffs Individually and on Behalf of All Similarly Situated Employees
Pursuant to Fed. R. Civ. Pro. 23 against Defendant TLG)

21.    Plaintiffs hereby alleges and incorporates Paragraph 1 through 20 of this Complaint, as if fully set forth herein.

22.    This count arises from Defendant TLG's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., for its failure to pay Plaintiffs and the class of hourly employees that they represent all their earned overtime wages. Plaintiffs and the class are current and former hourly employees of Defendant TLG who are due, and who have not been paid, under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. Plaintiffs bring this Count as a class action under Rule 23. Fed. R. Civ. P. 23.

23.    Defendant TLG violated the IMWL by failing to compensate Plaintiffs and members of the proposed class for all hours worked and failed to pay wages consistent with the overtime wage provisions.

24.    As a result of Defendant TLG's violation of the IMWL, Plaintiffs and similarly situated employees have been damaged in that they have not received minimum wages due to them pursuant to the IMWL and further because they have not been paid for all hours worked in excess of 40 in individual work weeks.

WHEREFORE, Plaintiffs request the following relief:

A. Certification of a class of similarly situated Plaintiffs defined as all current and former hourly employee of Defendant TLG in the State of Illinois who were paid below the applicable minimum wage. The relevant time period is for work performed the three (3) years preceding this lawsuit to the day of trial.

B. A declaratory judgment that Defendant TLG violated the minimum wage provisions of the IMWL as to the Plaintiffs and the Class;

C. A declaratory judgment that Defendant TLG's violations of the IMWL were willful;

D. A judgment to Plaintiffs and the Class in the amount of unpaid wages;

E. A judgment to the Plaintiffs and the Class of punitive damages as provided by IMWL;

F. A judgment to Plaintiffs and those similarly situated of reasonable attorneys' fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated April __, 2020                                  Respectfully Submitted,

                                                      By: /s/ Kimberly Hilton
                                                      One of the Attorneys for the Plaintiffs

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563